# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| FRIENDS OF DEREEF PARK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:13-cv-03453-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONAL PARK SERVICE; SALLY JEWELL, *in her official capacity as Secretary of the U.S. Department of The Interior*; PHIL GAINES, *in his official Capacity as State Liaison Officer for the Land and Water Conservation Fund*; SOUTH CAROLINA DEPARTMENT OF PARKS, RECREATION, AND TOURISM; DUANE PARRISH, *in his official capacity as Director of the South Carolina Department of Parks, Recreation and Tourism*; *and* CITY OF CHARLESTON, *a South Carolina Municipal Corporation*, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THE GATHERING AT MORRIS SQUARE, LLC, | ) ) | |
| | ) | |
| Proposed Intervenor-Defendant. | ) ) | |

This matter is before the court on The Gathering at Morris Square's ("GMS") motion to intervene in the present action pursuant to Federal Rule of Civil Procedure 24. For the reasons set for below, the court <u>sua sponte</u> joins GMS pursuant to Federal Rule of Civil Procedure 21 as a necessary party to the present litigation under Federal Rule of Civil Procedure 19(a).

1

## I.  BACKGROUND

This case involves a dispute over the alleged unlawful approval of a conversion of Land and Water Conservation Fund ("LWCF") covenants from DeReef Park to Concord Park.  The land subject to dispute, known as DeReef Park, is located in the historically African-American neighborhoods of Cannonborough and Elliotborough and is bordered by Cannon, Morris, Felix and Smith Streets.  Compl. ¶ 55.  Plaintiff Friends of DeReef Park ("FDP") is a registered nonprofit organization founded in 2012 whose members used DeReef Park for outdoor recreation until the property was cleared in 2012.  Compl. ¶¶ 3, 6.  The City of Charleston (the "City") received federal funding in 1981 and 1991 under the LWCF to assist with improvements on DeReef Park.  City's Resp. to Mot. to Remand Ex. 1 ¶ 5.  Pursuant to the LWCF, restrictive covenants were placed on the property in 1981 that limited the use of the property to public outdoor recreation uses.  Compl. ¶¶ 55-56.  During the next few decades, the park remained virtually unimproved.  Proposed intervenor defendant GMS is the owner of the property in dispute.  Int. Def.'s Reply 1.

In May 2003, the City entered into a Memorandum of Understanding ("MOU" or "agreement") with a private developer who owned the property abutting DeReef Park.  City's Resp. to Mot. to Remand Andrews Aff. ¶¶ 3-4.  The subject of the agreement was a Planned Unit Development ("PUD") on the property.  Id.  Under the MOU, the City agreed to convey DeReef Park to the developer.  Compl. ¶ 69.  The PUD "contemplated construction of residential units, the closure of DeReef Court, a public street running through DeReef Park, a reconfigured DeReef Park on the north side of Morris Street and the creation of two additional public, passive recreational areas on the south side of

Morris Street." Id. ¶ 3. According to counsel for the City, the restrictive covenants were overlooked until 2007. Id. ¶ 5. In 2008, the City sent state officials a request to convert the restrictions on DeReef Park to Concord Park, about 1.2 miles away, recognizing its legal obligation to convey the property to the private developer under the 2003 agreement. Compl. ¶ 79. The LWCF provides procedural protections for the conversion of restrictive covenants on LWCF lands, including public notice requirements, environmental assessments, and express written approval from the Secretary of Interior. The City held a hearing on the conversion on July 15, 2008. Compl. ¶ 84.

On November 25, 2008, the National Park Service ("NPS") approved a proposal for the conversion of DeReef Park submitted by the City of Charleston with the support of South Carolina's Department of Parks, Recreation, and Tourism. Fed. Def.'s Mot. 1. The planned conversion of DeReef Park contemplated the release and conversion of the restrictive covenants to Concord Park in compliance with the LWCF. Id.

GMS acquired the property by general warranty deed dated January 19, 2012 and recorded the deed the next day. Int. Def.'s Mot. 2. At that time, the restrictive covenants no longer encumbered the property. Fed. Def.'s Mot. 1. GMS began making improvements to the land pursuant to its plans to build a residential development on the property. Int. Def.'s Mot. 2. In June 2012, workers removed the playground equipment on DeReef Park. Compl. ¶ 121. FDP alleges that prior to this time, they were not aware and could not reasonably have been aware of the conversion of LWCF restrictions from DeReef Park to Concord Park. Compl. ¶ 122. GMS has expended significant funds and incurred costs related to the construction of residences on the property. Int. Def.'s Mot. at 2-3.

FDP brought this action on December 11, 2013 to challenge NPS's approval of the conversion of the DeReef Park property. FDP alleges that the conversion of the park violated the LWCF, the National Environmental Policy Act ("NEPA"), and the National Historic Preservation Act ("NHPA"). FDP seeks a declaration that defendants violated federal law and asks the court to vacate the November 2008 conversion and remand the matter to the NPS to conduct a new approval process for the conversion, as well as costs, including attorney's fees.

Pursuant to a March 25, 2014 scheduling order, the parties agreed that they did not anticipate a need for discovery because the disposition of the case only requires a review of the administrative record. March 25, 2014 Sched. Order 1. On April 17, 2014, the court granted the City's unopposed motion to intervene. FDP filed a motion for summary judgment on May 23, 2014, to which the NPS and Sally Jewell ("the federal defendants") responded with a motion for voluntary remand on May 27, 2014. In its motion for voluntary remand, the federal defendants conceded that they were "unable to confirm that the November 2008 Park Service approval of the conversion of covenants . . . comport[ed] with NEPA." Fed. Def.'s Mot. for Remand 3. Phil Gaines ("Gaines"), State Liaison Officer for the LWCF, and Duane Parrish ("Parrish"), Director of the South Carolina Department of Parks, Recreation, and Tourism, (together, "the state defendants") support the motion to remand. FDP also supports the motion for voluntary remand. GMS expressed a desire to challenge the motion for voluntary remand if permitted to intervene. Int. Def.'s Reply 6.

On August 29, 2014, counsel for GMS, with the consent of all parties, sent the court an email requesting that it delay ruling on the motion for voluntary remand until

after September 9, 2014 to give the parties an opportunity to discuss possible grounds for settlement. Pl.'s Resp. 3. On September 12, 2014, GMS filed a motion to intervene in the action pursuant to Federal Rule of Civil Procedure 24(a) and (b).[1] The court heard oral arguments on November 5, 2014, during which the court asked the parties to submit supplemental briefing on Federal Rule of Civil Procedure 19. The court further requested GMS to file its opposition to the motion for voluntary remand and allowed the parties to respond. The motion is now ripe for the court's review.

## II.  DISCUSSION

Federal Rule of Civil Procedure 19(a)(1)(B)(i) provides that a person must be joined as a necessary party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest." If the person is not joined, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). The underlying policy of Rule 19 is to "avoid[] multiple litigation, provid[e] the parties with complete and effective relief in a single action, and protect[] absent persons from the possible prejudicial effect of deciding the case without them." 7 Charles Alan Wright, Arther R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 1604 (3d ed. 2004). Under Rule 21, the court may add a party at any time on motion by a party or on its own. Fed. R. Civ. P. 21.

The Fourth Circuit recognizes the court's authority to join a party sua sponte when "the failure to [j]oin an indispensable party may bear so heavily upon jurisdictional or equitable considerations." Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683,

---

[1] The City supports GMS's motion to intervene. The federal defendants take no position on GMS's motion. The state defendants did not respond to the motion.

692 (4th Cir. 1978) (identifying the court's ability to address joinder sua sponte, but declining to do so "[s]ince the parties ha[d] not seen fit to address the issue"). Other circuit courts outline the court's wide discretion under Rule 21 to join necessary parties absent a party's request to do so. See, e.g., Jett v. Zink, 362 F.2d 723, 726 (5th Cir. 1966) ("[I]ndispensable parties must be joined, sua sponte by the court if need be . . . ." (internal citations omitted)); Arrow v. Gambler's Supply, Inc., 55 F.3d 407, 409 (8th Cir. 1995) ("[O]f course, a court may sua sponte join a party for good cause."); see also Merchants Nat'l Bank of Winona v. Hartford Accident & Indem. Co., 377 F. Supp. 1344, 1345 (D. Minn. 1974) ("When one is so involved in an action as to be considered an indispensable and necessary party to the litigation, yet he has not been made a party to the action, the court must sua sponte join that party to the lawsuit."); Delta Air Lines, Inc. v. Air Line Pilots Ass'n Int'l, 238 F.3d 1300, 1310 (11th Cir. 2001) (stating that if the plaintiff requires additional relief, the district court would "join all appropriate parties as defendants (presumably sua sponte)").

As the owner of the land in dispute, GMS clearly has an interest to protect. GMS has invested millions of dollars in its planned development. If the conversion approval is withdrawn, the original covenants will be re-imposed on the property, clouding GMS's title. If not made a party to the present action, GMS likely will be forced to bring an action against its transferor, the City. Joining GMS at this stage in the litigation will allow it to assert its rights, thereby promoting judicial economy and substantial justice. Further, property owners, lessees, and developers are commonly made parties to claims challenging agency action under the LWCF. See, e.g., Brooklyn Heights Ass'n, Inc. v. Nat'l Park Serv., 777 F. Supp. 2d 424, 426 (E.D.N.Y. 2011) (joining lessee and sublessee

in action challenging NPS action under the LWCF); Gifford Pinchot Task Force v. Perez, 2014 WL 3019165, at *1 (D. Or. July 3, 2014) (allowing intervention of developer and property owner in action challenging the issuance of a permit approving a development project); Save Our Parks v. Kempthorne, 2006 WL 3378703, at *1 (S.D.N.Y. Nov. 15, 2006) (developer named as party in action challenging the NPS's approval of a conversion of LWCF lands for private use).  Thus, GMS is a necessary party under Rule 19(a)(1)(B)(i) and must be joined.

## IV.   CONCLUSION

For the aforementioned reasons, the court **ORDERS** that GMS be joined to the present action as a defendant and requests the plaintiff to amend its complaint accordingly.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 8, 2014**
**Charleston, South Carolina**