# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| FRIENDS OF DEREEF PARK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:13-cv-03453-DCN |
| | ) | |
| vs. | ) | |
| | ) | |
| NATIONAL PARK SERVICE; SALLY JEWELL, *in her official capacity as Secretary of the U.S. Department of The Interior*; PHIL GAINES, *in his official Capacity as State Liaison Officer for the Land and Water Conservation Fund*; SOUTH CAROLINA DEPARTMENT OF PARKS, RECREATION, AND TOURISM; DUANE PARRISH, *in his official capacity as Director of the South Carolina Department of Parks, Recreation and Tourism*; CITY OF CHARLESTON, *a South Carolina Municipal Corporation*; *and* THE GATHERING AT MORRIS SQUARE, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This matter is before the court on National Park Service and Sally Jewel's (collectively the "federal defendants") motion for voluntary remand or, in the alternative, to stay the case. For the reasons set forth below, the court grants the motion to remand but denies plaintiff's request to vacate the November 2008 conversion approval.

## I.  BACKGROUND

This case involves a dispute over the alleged unlawful approval of a conversion of Land and Water Conservation Fund ("LWCF") covenants from DeReef Park to Concord Park. The land subject to dispute, known as DeReef Park, is located in the historically African-American neighborhoods of Cannonborough and Elliotborough and is bordered

1

by Cannon, Morris, Felix and Smith Streets.  Compl. ¶ 55.  Plaintiff Friends of DeReef Park ("FDP") is a registered nonprofit organization founded in 2012 whose members used DeReef Park for outdoor recreation until developers cleared the property in 2012.  FDP filed the present action on December 11, 2013 challenging the National Park Services' ("NPS") November 2008 approval of the conversion of restrictive covenants placed on DeReef Park to a replacement park.  FDP alleges that defendants failed to comply with the conversion requirements of the LWCF, the National Environmental Policy Act ("NEPA"), and the National Historic Preservation Act ("NHPA").

On May 23, 2014, FDP filed a motion for summary judgment.  In response, the federal defendants filed a motion for voluntary remand or, in the alternative, to stay the case on May 27, 2014.  The federal defendants ask the court to remand the action to the NPS to allow it to reconsider its approval of the conversion.  Federal Defendants state that "[b]ecause no environmental assessment appears in the records, we are unable to confirm that the November 2008 Park Service approval of the conversion of covenants from DeReef Park to Concord Park comports with the NEPA."  Fed. Def.'s Mot. 3.  Therefore, the federal defendants agree to reopen the administrative record and initiate a new NEPA and NHPA evaluation of the conversion.   The federal defendants anticipate the process will take approximately six months to complete and state that "[n]o outcome will be preordained by this reconsideration."  Fed. Def.'s Mot. 1.  Further, the federal defendants agree that the NPS will "provide notice and opportunity for public, local, and community involvement" during the review process on remand.  Id. at 4.

Phil Gaines ("Gaines"), State Liaison Officer for the LWCF, and Duane Parrish ("Parrish"), Director of the South Carolina Department of Parks, Recreation, and

Tourism, (collectively, "the state defendants"), responded to the motion for voluntary remand on June 13, 2014 and consented to the motion. FDP responded on June 13, 2014, consenting but asking the court to retain jurisdiction and stay the action to ensure that NPS complies with 40 C.F.R. § 1508.9 during the reconsideration process. FDP Resp. 2. FDP also asks the court to vacate the 2008 approval of the conversion. Id. Defendant the City of Charleston (the "City") responded to the motion for voluntary remand and agreed to withhold any objection to the motion on two conditions: (1) that the 2008 conversion approval remain in place as the NPS undertakes its review and reconsideration; and (2) that no outcome be either preordained or prejudiced by the additional review and reconsideration by the NPS of its 2008 decision. City Def.'s Resp. 2. Therefore, the City asks the court to grant the voluntary remand or, alternatively, stay the proceedings but deny FDP's request to vacate the 2008 conversion approval. Id. at 2. Federal Defendants filed a reply on June 20, 2014 stating that "Federal Defendants take no position on the question of vacatur." Fed. Def.'s Reply 3. Defendant The Gathering at Morris Square ("GMS"), the owners of the subject land, filed an opposition to the motion for voluntary remand on November 10, 2014. The motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Administrative agencies have broad authority to reconsider their errors. The Last Best Beef, LLC v. Dudas, 506 F.3d 333, 340 (4th Cir. 2007) ("[F]ederal agencies . . . have broad authority to correct their prior errors."); Trujillo v. Gen. Elec. Co., 621 F.2d 1084, 1086 (10th Cir. 1980) ("Administrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance

carries with it the power to reconsider."); Citizens Against the Pellissippi Parkway Extension v. Mineta, 375 F.3d 412, 416 (6th Cir. 2004) ("[W]hen an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons."). Courts should not "stand in the way of the agencies' remediation of their own mistakes," but rather should allow agencies to correct their own unlawful actions. Dudas, 506 F.3d at 340. "[A]n agency must be allowed to assess 'the wisdom of its policy on a continuing basis.'" Ohio Valley Envtl. Coal., 556 F.3d at 215 (quoting SKF USA Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001) (alteration in original)).

"When a court reviews an agency action, the agency is entitled to seek remand 'without confessing error, to reconsider its previous position.'" Ohio Valley Envtl. Coal. v. Aracoma Coal Co., 556 F.3d 177, 215 (4th Cir. 2009) (quoting SKF USA, 254 F.3d at 1030)). The Fourth Circuit has stated that it would be "an abuse of discretion to prevent an agency from acting to cure . . . legal defects." Id. (quoting Mineta, 375 F.3d at 416). Voluntary remand is also important for judicial economy because it allows courts to preserve judicial resources. See, e.g., Ethyl Corp. v. Browner, 989 F.2d 522, 524 (D.C. Cir. 1993) (granting the EPA's opposed motion for voluntary remand) ("We commonly grant such motions, preferring to allow agencies to cure their own mistakes rather than wasting the courts' and the parties' resources . . . .").

### III.  DISCUSSION

GMS is the only party that opposes the motion for voluntary remand. GMS argues that this case involves not only a review of administrative action, but also state property law and asks the court to fashion an equitable remedy to protect GMS's interest

as an asserted bona fide purchaser for value. GMS's Resp. 2-6. Even if the court were to grant the motion for voluntary remand, GMS requests the court to refuse to stay the action and allow it to pursue its claims and defenses. Id. at 7.

As stated above, administrative agencies have broad authority to reconsider their errors. The federal defendants state that "[b]ecause no environmental assessment appears in the records, we are unable to confirm that the November 2008 Park Service approval of the conversion of covenants from DeReef Park to Concord Park comports with the NEPA." Fed. Def.'s Mot. 3. Further, Federal Defendants have assured the court that "[n]o outcome will be preordained by this reconsideration." Fed. Def.'s Mot. 1. It is appropriate to grant the motion for voluntary remand under circumstances, such as those before the court, in which an agency has raised "substantial and legitimate" concerns in support of remand, thereby preserving scarce judicial resources. Sierra Club v. Antwerp, 560 F. Supp. 2d 21, 23 (D.D.C. 2008); see Ethyl Corp., 989 F.2d at 524. Further, the only party opposing the request for voluntary remand is GMS, whom the court joined sua sponte.

Because remand is appropriate, the issue becomes whether the court should review the legality of NPS's action and vacate the November 2008 conversion approval prior to remanding to the NPS or remand without vacatur. Courts have the power to review actions of federal and state agencies. Ford Motor Co. v. Nat'l Labor Relations Bd., 305 U.S. 364, 373 (1939) ("The jurisdiction to review the orders [of an agency] is vested in a court with equity powers . . . [and] it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial actions."). Judicial review of agency action is governed by § 706 of the Administrative Procedure

Act which allows a court to "hold unlawful and set aside" agency action that the court finds "[a]rbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; . . . [i]n excess of statutory jurisdiction, authority or limitations or short of statutory right; or . . . [w]ithout observance of procedure required by law." 5 U.S.C. § 706. Upon review of the agency action, courts may remand the decision back to the agency. See Nat'l Wildlife Fed'n v. Burford, 871 F.2d 849, 855 (9th Cir. 1989). "If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985).

Although courts have the power to review agency action before remand, courts also have the discretion to remand the case back to the agency for reconsideration without vacatur. See, e.g., Nat. Res. Def. Council, Inc. v. U.S. Dep't of Interior, 275 F. Supp. 2d 1136, 1143 (C.D. Cal. 2002) (remanding habitat designations to Fish and Wildlife Service while keeping existing designations in force pending reconsideration); Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1405 (9th Cir. 1995) ("Ordinarily when a regulation is not promulgated in compliance with the APA, the regulation is invalid . . . [but] when equity demands, the regulation can be left in place while the agency follows the necessary procedures." (internal citations omitted)). For example, courts can refuse to vacate administrative decisions when the merits of the case have not been fully briefed and a determination on the merits has not been made. See, e.g., Carptenters Indus. Council v. Salazar, 734 F. Supp. 2d. 126, 135 (D.D.C. 2010) (refusing to vacate a habitat

designation "without an independent determination that the [agency's] action was not in accordance with the law."); see also Nat'l Parks Conservation Ass'n v. Jewell, 2014 WL 5355048, at *4 (D.D.C. Feb. 20, 2014) (vacating a rule under the EPA because the cross-motions for summary judgment had been fully briefed).  Moreover, remand without vacatur is appropriate when "there is at least a serious possibility that the [agency] will be able to substantiate its decision on remand."  Allied-Signal, Inc. v. U.S. Nuclear Regulatory Comm'n, 988 F.2d 146, 151 (D.C. Cir. 1993).

The court denies FDP's request to vacate the 2008 conversion approval prior to remand because the parties have not fully briefed the legality of the approval.  FDP filed a motion for summary judgment on May 23, 2014.  In response, the federal defendants filed the instant motion for voluntary remand.  In its motion, the federal defendants asked the court to defer further briefing on the merits of the November 2008 conversion until resolution of the motion to remand.  The federal defendants filed a motion to suspend the court's March 25, 2014 scheduling order on May 27, 2014.  FDP and the City did not oppose the motion and the state defendants did not take a position on the motion.  Consequently, the court granted the motion to suspend the scheduling order pending resolution of the federal defendants' motion to remand.  Therefore, at this time, the merits of FDP's claims have not been fully briefed.  The court cannot address the merits of the claims until the summary judgment motion is fully briefed and a review of the administrative record is conducted.  See Salazar, 734 F. Supp. 2d at 135 (refusing to vacate a habitat designation "without an independent determination that the [agency's] action was not in accordance with the law").

Further, the federal defendants represented that NPS intends to willingly withdraw its approval upon remand. In response to FDP's counsel's question whether "NPS intends to withdraw its approval of the DeReef Park conversion if the remand is granted," the federal defendants' counsel stated "the answer to the query . . . is yes." FDP's Resp. Ex. 2. Therefore, it is unnecessary for the court to address the legality of the November 2008 conversion approval at this time.

## IV.   CONCLUSION

Accordingly, the court **GRANTS** the motion for voluntary remand and remands the case to the NPS to reconsider its approval of the conversion. The court imposes an April 30, 2015 deadline by which NPS must complete its reconsideration. Further, the court permits GMS to conduct limited discovery during the reconsideration process to determine whether the record contained the required environmental assessment at the time of approval. Additionally, GMS may file any motions it deems necessary during that time. Lastly, the court retains jurisdiction to ensure compliance with 40 C.F.R. § 1508.9.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**December 9, 2014**
**Charleston, South Carolina**